IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ISIDRO RIOS-TAPIA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:10-CV-1149 TS<br><br>Criminal Case No. 2:08-CR-141 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the Motion and dismiss this case.

---

[1]Case No. 2:10-CV-1149 TS, Docket No. 1.

1

I.  BACKGROUND

Petitioner was indicted on one count of possession of methamphetamine with intent to distribute on March 12, 2008.  Petitioner pleaded guilty to that offense on September 17, 2009.  On April 5, 2010, Petitioner was sentenced to the minimum mandatory term of 120 months.  Petitioner did not file a direct appeal, but did timely file his § 2255 Motion on November 18, 2010.

II.  DISCUSSION

Petitioner brings four claims of ineffective assistance of counsel.  Petitioner alleges that his counsel was ineffective for: (1) misleading Petitioner regarding the sentence he would receive; (2) misleading Petitioner regarding his qualification for the safety valve; (3) misleading Petitioner regarding a possible sentence reduction; and (4) misleading Petitioner and his sister regarding the sentence Petitioner received and the time he would serve.  For the reasons discussed below, the Court finds that Petitioner's third and fourth claims have been waived by Petitioner based on the collateral appeal waiver contained in his plea agreement.  Further, the Court finds that Petitioner's first and second claims fail on the merits.

A.  COLLATERAL APPEAL WAIVER

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[2]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the

---

[2] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[3]

    1.    *Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[4]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

The Tenth Circuit has held, however, that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[5] Two of Petitioner's ineffective assistance of counsel claims challenge the validity of his plea: that counsel mislead him regarding the sentence he would receive and that counsel mislead him regarding his qualification for the safety valve. Therefore, these claims are not barred by the waiver contained in Petitioner's plea agreement and will be discussed in detail below.

---

[3]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

[4]Case No. 2:08-CR-141 TS, Docket No. 90, ¶ 12(A)(2)(b).

[5]*Cockerham*, 237 F.3d at 1187.

Petitioner's remaining claims do not challenge the validity of his plea or the waiver and, therefore, fall within the scope of the waiver. Indeed, according to Petitioner's Motion, both of these claims arose after Petitioner was sentenced. Petitioner states that, after he was sentenced, counsel told him that he might have a sentence reduction under "Rule 16."[6] This allegation makes up the basis of his third claim. Petitioner's fourth claim is based on statements counsel allegedly made to Petitioner and his sister concerning the sentence he received and how much time he would actually serve. Again, these alleged statements occurred after Petitioner was sentenced and, therefore, do not concern the validity of the plea or the waiver. Therefore, the Court finds that these claims fall within the scope of the collateral appeal waiver.[7]

2. *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[8] In determining whether a waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[9] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[10] Further, the Supreme Court has

---

[6] Case No. 2:10-CV-1149 TS, Docket No. 1 at 12.

[7] *See United States v. Akers*, 377 Fed. Appx. 834, 836 (10th Cir. 2010) ("The *Cockerham* exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing.").

[8] *Hahn*, 359 F.3d at 1328

[9] *Id*. at 1325.

[10] *Id*..

stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may now know the *specific detailed* consequences of invoking it."[11]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the waiver states that "I . . . knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[12]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner. The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[13] Having reviewed the plea colloquy, the Court finds that it was adequate under Rule 11.

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No one has made threats, promises, or representations to me that have caused me to plead guilty. . . . I have discussed this case and this plea with my lawyer as much as I wish to, and I have no additional questions. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought; with the

---

[11] *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[12] Case No. 2:08-CR-141 TS, Docket No. 90, ¶ 12(A)(2)(b).

[13] *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants. I have no mental reservations concerning the plea."[14]

Based on the above, the Court finds that both Petitioner's plea and the waiver were knowing and voluntary.

3. *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[15]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[16]

Petitioner bears the burden of establishing a miscarriage of justice.[17]

First, there is no evidence that the Court relied upon an impermissible factor in the imposition of the sentence.

---

[14] Case No. 2:08-CR-141 TS, Docket No. 90.

[15] *Hahn*, 359 F.3d at 1327 (citations omitted).

[16] *United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

[17] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Second, as discussed above, Petitioner's ineffective assistance of counsel claims do not allege ineffective assistance with the negotiation of the waiver, but two claims allege ineffective assistance in relation to the plea. Petitioner's ineffective assistance of counsel claims concerning the validity of his plea will be discussed below.

Third, Petitioner's sentence did not exceed the statutory maximum. Rather, he was sentenced to the mandatory minimum sentence.

Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that the third and fourth claims contained in Petitioner's Motion are within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver as to his third and fourth claims.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's first and second claims for ineffective assistance of counsel are not covered by the waiver and will, therefore, be addressed on the merits. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[18] To successfully claim ineffective assistance then, Petitioner must show two things. First, he must

---

[18] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

show that counsel's performance was deficient.[19]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment."[20]  Second, he must show that counsel's deficient performance prejudiced Petitioner's defense.[21]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable."[22]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[23]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[24]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[25]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[26]

---

[19] *Strickland*, 466 U.S. at 687.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[25] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[26] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

To prevail on an ineffective assistance of counsel claim in the plea context, Petitioner must show that his counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[27]

   1.   *Miscalculation of Possible Sentence*

Petitioner's first ineffective assistance claim is that his counsel was ineffective for misleading him as to the sentence he would receive. Petitioner has stated that counsel informed him that he would receive a sentence of approximately 7 years, but he then received a sentence of the statutory minimum of 10 years.

The Court finds that Petitioner has failed to show that his counsel's performance was deficient. The Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[28] Further, Petitioner has failed to show that he was prejudiced by counsel's miscalculation. Petitioner was informed in both his plea agreement and by the Court in the plea colloquy that he faced a possible term of imprisonment of up to life and a minimum mandatory sentence of 10 years. The plea agreement also clearly stated: "I also know that the final calculation of my sentence by the Court may differ from any calculation . . . my attorney . . . [has] made, and I will not be able to withdraw my plea if this occurs."[29] Given the fact that

---

[27] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[28] *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

[29] Case No. 2:08-CR-141 TS, Docket No. 90, ¶ 3.

9

Petitioner pleaded guilty after having been so informed, the Court cannot find that Petitioner suffered prejudice based on his counsel's erroneous sentence prediction.[30]

  *2.  Misstatement that Petitioner Would Qualify for the Safety Valve*

Petitioner next argues that his counsel was ineffective because counsel erroneously informed him that he would qualify for the safety valve.[31]

Assuming, without deciding, that counsel's performance was deficient, the Court cannot find that Petitioner was prejudiced by counsel's misstatement that Petitioner would qualify for the safety valve. Petitioner clearly states that his counsel "did not offer an explanation about what a 'safety valve' meant and how Movant could qualify for that benefit."[32] Because Petitioner was not informed of what the safety valve meant, he could not have relied on his counsel's statements concerning his qualification for the safety valve when deciding to enter his plea. Therefore, Petitioner has not shown that, but for counsel's misstatements concerning the applicability of the safety valve, he would not have pleaded guilty and would have insisted on going to trial. Further, the plea agreement clearly indicated that the government would recommend the safety valve reduction only if Petitioner met the criteria contained in the sentencing guidelines. The plea agreement went on to state:

---

[30] *See Gordon*, 4 F.3d at 1571 (finding no prejudice under similar circumstances).

[31] 18 U.S.C. § 3553(f); USSG § 5C1.2.

[32] Case No. 2:10-CV-1149 TS, Docket No. 1 at 11.

The Court will ultimately determine whether the criteria of USSG § 5C1.2(1) - (5) have been met. Should the Court determine they have not been met, defendant will not be allowed to withdraw his guilty plea for that reason.[33]

Despite the fact that he was not assured that he would qualify for the safety valve, Petitioner still entered a guilty plea. Therefore, the Court finds that Petitioner has failed to show prejudice.

Based upon the above, the Court finds that Plaintiff's first and second claims for ineffective assistance of counsel fail on the merits.

### III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:10-CV-1149 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:10-CV-1149 TS forthwith.

SO ORDERED.

DATED   March 21, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[33] Case No. 2:08-CR-141 TS, Docket No. 90, ¶ 12(B)(3).