IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> ISIDRO RIOS-TAPIA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING DEFENDANT'S MOTION TO DISMISS <br><br><br><br><br><br> Case No. 2:08-CR-141 TS |

This matter is before the Court on "Defendant's Post Conviction Motion Pro Se Under *Apprendi*'s Law to Dismiss." In his Motion, Defendant seeks dismissal of his Indictment, arguing that it is insufficient under *Apprendi v. New Jersey*.[1] Having reviewed the Motion, the Court construes it as a second or successive § 2255 motion and finds that it is not in the interests of justice to transfer the motion and it will, therefore, be denied and dismissed.

---

[1] 530 U.S. 466 (2000).

1

I.  BACKGROUND

Defendant was indicted on one count of possession of methamphetamine with intent to distribute on March 12, 2008.  Defendant pleaded guilty to that offense on September 17, 2009.  On April 5, 2010, Defendant was sentenced to the minimum mandatory term of 120 months.  Defendant did not file a direct appeal, but did timely file a § 2255 motion on November 18, 2010.

The Court denied Petitioner's first § 2255 motion on March 21, 2011.  Petitioner then appealed the Court's order denying his § 2255 motion.  The Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and dismissed Defendant's § 2255 appeal.  Defendant then sought to appeal the underlying judgment in his criminal case.  On November 18, 2011, the Tenth Circuit denied his appeal as untimely.

On March 5, 2012, Defendant filed the instant Motion.  In his Motion to Dismiss, Defendant argues that the Indictment in his case was deficient under *Apprendi* and should be dismissed.

II.  DISCUSSION

Defendant seeks dismissal of the Indictment in his case, arguing that it is insufficient under *Apprendi*.  Because Defendant's Motion seeks to attack his underlying conviction, the Court construes Defendant's Motion as one brought pursuant to 28 U.S.C. § 2255.[2]  However, as

---

[2] A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

stated, Defendant has already brought a § 2255 motion.  Therefore, this is a second or successive § 2255 motion.[3]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[4]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[5]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[6]

The Tenth Circuit has delineated factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in

---

[3]The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 Motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).  In this case, however, lack of notification of the recharacterization will not prejudice the Petitioner because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).  Additionally, since this is Petitioner's second § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002).

[4]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[5]*Id*. at 1251.

[6]*See* 28 U.S.C. § 1631.

good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[7]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

First, Defendant's claims would be time barred if filed. Petitions pursuant to 28 U.S.C. § 2255 must be filed within one year after a defendant's conviction becomes final.[8] Defendant filed this Motion well after the one-year limitation period.

Second, Defendant's claim would not have merit. Defendant's Motion argues that the Indictment against him was deficient. Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[9] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[10] Petitioner's Motion does not meet these criteria. Further, Defendant's

---

[7] *In re Cline*, 531 F.3d at 1251.

[8] 28 U.S.C. § 2255(f)(1). Defendant has not asserted that the period of limitation would begin at a different time under § 2255(f)(2)-(4).

[9] 28 U.S.C. § 2255(h)(a).

[10] *Id*. § 2255(h)(b).

claim would be barred by the collateral appeal waiver contained in his plea agreement and, because it was not raised on direct appeal, it would be procedurally barred.[11]

Finally, the Court finds that it was clear at the time that the Court lacked jurisdiction to hear Defendant's Motion. As stated, the Court previously ruled on Defendant's § 2255 Motion and the Tenth Circuit has twice rule on appeals from Defendant. Therefore, the Court finds that Defendant has acted in bad faith in bringing this Motion without seeking permission first from the circuit court. Based on all of the above, the Court finds that it is not in the interests of justice to transfer Defendant's Motion to the Tenth Circuit Court of Appeals.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 126) is DENIED AND DISMISSED.

DATED   April 5, 2012.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge

---

[11] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).